DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appellant's appeal of his administrative license suspension following his arrest for driving with a prohibited alcohol concentration ("DUI"). For the reasons that follow, we reverse the decision of the trial court.
 {¶ 2} Appellant Kenneth Cook was arrested on December 4, 2003, for DUI. He submitted to a breath test, which showed his alcohol concentration to be .105. Pursuant to R.C. 4511.191(D)(1)(c), the arresting officer completed a sworn statement ("BMV Form 2255") indicating: (1) that he had reasonable grounds to believe, before the arrest, that appellant was driving under the influence of alcohol or drugs; (2) that appellant was arrested and charged with DUI; (3) that the officer asked appellant to take a chemical test, advised him of the consequences of taking it or refusing it, and gave him a statutorily required form explaining these consequences; (4) that appellant submitted to the test and tested .105; and (5) that the officer served a notice of suspension on appellant. With regard to the "reasonable grounds" section of BMV Form 2255, the form reads: "Reasonable grounds of OMVI were: ____," and the officer filled in "speed, weaving." Pursuant to R.C.4511.191(E), appellant's license was administratively suspended.
 {¶ 3} The officer filed BMV Form 2255 and the citation with the court. Appellant appealed this suspension, and a hearing was held before the trial court on January 1, 2004.[1]
 {¶ 4} Appellant, his attorney, and the prosecutor appeared for the hearing. However, due to some miscommunication about whether or not the hearing was to be continued, the state had not subpoenaed the officer. It requested a continuance, which appellant opposed because he had driven from Indiana for the hearing. The trial court denied the motion to continue and ordered that the hearing be conducted. Appellant asked the court to take judicial notice of BMV Form 2255 and argued that the officer's statements that appellant was speeding and weaving did not provide reasonable grounds before the test to conclude that appellant was driving under the influence of alcohol or drugs. The trial court disagreed, stating that all that was necessary for that section of the form was for the officer to specify the reason for stopping the vehicle. Speeding and weaving, according to the trial court, provided reasonable grounds to stop appellant. Therefore, the trial court denied appellant's appeal. Appellant now appeals this denial, setting forth the following assignment of error:
 {¶ 5} "The court committed prejudicial error in denying the defendant's appeal of the administrative license [suspension].
 {¶ 6} "Issue 1. The standard for imposition of an administrative license suspension is reasonable grounds to believe that the person is under the influence of alcohol.
 {¶ 7} "Issue 2. The BMV 2255 Form was insufficient to sustain a suspension."
 {¶ 8} We must affirm the trial court's decision if there is "some competent, credible evidence" to support it. State v. Brown (Aug. 10, 2001), 6th Dist. No. WD-01-011.
 {¶ 9} R.C. 4511.197(C) governs appeals of administrative license suspensions. That section provides:
 {¶ 10} "(C) If a person appeals a suspension under division (A) of this section, the scope of the appeal is limited to determining whether one or more of the following conditions have not been met:
 {¶ 11} "(1) Whether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle, streetcar, or trackless trolley in violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance or was in physical control of a vehicle, streetcar, or trackless trolley in violation of section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance and whether the arrested person was in fact placed under arrest;
 {¶ 12} "(2) Whether the law enforcement officer requested the arrested person to submit to the chemical test or tests designated pursuant to division (A) of section 4511.191 of the Revised Code;
 {¶ 13} "(3) Whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test or tests;
 {¶ 14} "(4) Whichever of the following is applicable:
 {¶ 15} "(a) Whether the arrested person refused to submit to the chemical test or tests requested by the officer;
 {¶ 16} "(b) Whether the arrest was for a violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance and, if it was, whether the chemical test results indicate that the arrested person's whole blood contained a concentration of eight-hundredths of one per cent or more by weight of alcohol, the person's blood serum or plasma contained a concentration of ninety-six-thousandths of one per cent or more by weight of alcohol, the person's breath contained a concentration of eight-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath, or the person's urine contained a concentration of elevenhundredths of one gram or more by weight of alcohol per one hundred milliliters of the person's urine at the time of the alleged offense."
 {¶ 17} The person appealing the suspension has the burden of proving, by a preponderance of the evidence, that one of these four conditions has not been met. R.C. 4511.197(D). Here, appellant contends that the first condition was not met because BMV Form 2255 does not set out reasonable grounds for the officer to believe that appellant was driving under the influence of alcohol or drugs. As indicated, in the space on the form for the officer to list the reasonable grounds, the officer listed speeding and weaving. This is insufficient based simply on a plain reading of the form; the form asks for "reasonable grounds of OMVI" (operating a vehicle under the influence of alcohol or drugs), not reasonable grounds for the stop.
 {¶ 18} In cases where the police officer did not provide on the form reasonable grounds for believing the defendant was driving under the influence, at least one Ohio appellate district has nonetheless found the form sufficient if the court had before it other evidence to establish the "reasonable grounds of OMVI." For example, in one case, the officer stated on the form that the "reasonable grounds for OMVI" were improper lane usage. However, the court found that the form was nonetheless sufficient because the impaired driver report and the officer's statements of facts established reasonable grounds to believe that the driver was under the influence of drugs or alcohol. State v. Tigner (June 9, 1999), 5th Dist. No. 98-CA-139. In another case from the Fifth District Court of Appeals, the trial court found that BMV Form 2255 did not set out "reasonable grounds for OMVI." However, reasonable grounds were established by the officer's testimony at the hearing on the motion to suppress. Thus, the trial court held that the state had established reasonable grounds. On appeal, the Fifth District agreed with the trial court, relying on Tigner. According to the Fifth District, Tigner stands for the proposition that "the trial court may rely upon additional information besides the BMV form in determining whether there were reasonable grounds to request a chemical test." State v. Rader (June 25, 2001), 5th Dist. No. 00CA72.
 {¶ 19} In this case, in addition to BMV Form 2255, the court had before it the citation issued to appellant. On the back of the citation, the officer wrote:
 {¶ 20} "Your honor, I pace clocked defendant at 77 mph in posted 65 mph zone. I saw defendant weave within his own lane three times. After stop, I noticed an odor of alcohol, he stated he had been drinking. HGN [horizontal gaze nystagmus test] showed six points, alphabet he tried three times but stopped at letter W. Finger test failed. Walk and turn test failed. Vehicle left at scene."
 {¶ 21} Since this citation is a part of the record, if we were to apply Tigner, we would be compelled to find that the state established "reasonable grounds of OMVI." However, we find Tigner unpersuasive. R.C.4511.191(D)(1)(c) sets out the information that the officer must swear to and provide both to the defendant and to the registrar of the Bureau of Motor Vehicles. The officer's statement on the citation was not sworn to and apparently not provided to appellant.[2] As such, if the court were to consider the officer's statement on the back of the citation, it would violate both the letter and the spirit of the statute. We therefore find that BMV Form 2255 was not sufficient on its face, and it cannot be made sufficient by the officer's statement on the back of the citation. Accordingly, appellant's assignment of error is found well-taken.
 {¶ 22} Finally, appellant filed a document titled "Supplemental Authority" in which he cites cases dealing with the recent United States Supreme Court decision in Washington v. Crawford (2004), 124 S.Ct. 1354. The court in Crawford addressed whether admission of documents without live testimony violated a criminal defendant's right to confront witnesses. Appellant did not raise this issue in his brief. Pursuant to App.R. 12(A), we are to decide the appeal based on the assignments of error presented. Since appellant never raised the Crawford issue in his assignment of error, and since he never moved to amend his assignments of error to include this issue, we need not consider it. See State v.Warden, 6th Dist. No. WD-03-065, 2004-Ohio-6306, at ¶¶ 53-54.
 {¶ 23} Upon due consideration, we find that substantial justice has not been done the party complaining, and the decision of the Perrysburg Municipal Court is reversed and remanded for proceedings consistent with this decision. Pursuant to App.R. 24, appellee is ordered to pay the court costs of this appeal.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Arlene Singer, P.J., concur.
[1] Though the transcript indicates that the hearing was held on January 1, the docket sheet indicates that it was actually held on January 9.
[2] Although the citation is a multi-copy document with carbon, the officer's statement was written on a heavy paper on the back of the citation. The writing does not appear to transfer to any other sheet.